IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSVALDO PUMBA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-2078 |
| | : | |
| v. | : | |
| | : | |
| CLIFFORD KNAPPENBERGER II, | : | |
| KEITH KOWAL, FRANK HEFFERNAN, | : | |
| DILLYN MUJEVIC, and LEHIGH | : | |
| COUNTY JAIL, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                    July 18, 2022

The *pro se* plaintiff, an inmate in a county jail, has applied for leave to proceed *in forma pauperis* in this action under 42 U.S.C. § 1983. The plaintiff alleges that individuals associated with the county jail knowingly and falsely claimed that he spit in the face of a correctional officer. This allegation resulted in the plaintiff being placed in disciplinary segregation and charged with a crime. Ultimately, the government *nolle prossed* the charge against the plaintiff. The plaintiff asserts that this conduct constitutes malicious prosecution in violation of the Fourth Amendment.

After reviewing the application for leave to proceed *in forma pauperis* and screening the complaint pursuant to 28 U.S.C. § 1915(e)(2), the court will allow the plaintiff leave to proceed *in forma pauperis*. The court will also allow the plaintiff's malicious prosecution claim to proceed to the extent that he asserts it against three of the individual defendants. The court must also, however, dismiss with prejudice the plaintiff's claims against the county jail because he may not proceed under section 1983 against it insofar it is not a defendant amenable to suit under that statute. The court will also dismiss the plaintiff's claims against one of the individual defendants insofar as this

defendant appears to be named as a defendant solely because the defendant is a supervisor at the jail and the plaintiff has failed to allege a proper basis for supervisory liability against this defendant.

## I.      ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Osvaldo Pumba ("Pumba"), commenced this action by filing an application for leave to proceed *in forma pauperis* ("IFP Application"), prisoner trust fund account statement, and complaint, which the clerk of court docketed on May 23, 2022.[1] *See* Doc. Nos. 1–3. In the complaint, Pumba, an inmate at the Lehigh County Jail ("LCJ"), names as defendants the LCJ and four individuals associated with the LCJ: (1) Investigator Clifford Knappenberger, II ("Investigator Knappenberger"); (2) Correctional Officer Dillyn Mujevic ("CO Mujevic"); (3) Correctional Officer Frank Heffernan ("CO Heffernan"); and (4) Sergeant Keith Kowal ("Sergeant Kowal"). *See* Compl. at ECF pp. 1–2, Doc. No. 3.

As for Pumba's factual allegations, he alleges that on May 21, 2021, he submitted a grievance against CO Mujevic. *See id.* at ECF p. 4. The following day, CO Mujevic claimed that while he was talking to Pumba, Pumba threatened to kill him and also spit in his face. *See id.* at ECF pp. 4, 5; Doc. No. 3-1 at ECF p. 3 (LCJ Incident Report by CO Mujevic). CO Mujevic's "friend[] and colleague[]," CO Heffernan claimed that he witnessed Pumba spit in CO Mujevic's

---

[1] Pumba has filed nine other complaints in this court. *See Pumba v. Lehigh Cnty. Jail, et al.*, Civ. A. No. 21-5585, Doc. No. 2; *Pumba v. Madrid, et al.*, Civ. A. No. 21-5639, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-134, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-137, Doc. No. 2; *Pumba v. Lehigh Cnty. Jail Admin., et al.*, Civ. A. No. 22-179, Doc. No. 2; *Pumba v. Maldonado, et al.*, Civ. A. No. 22-476, Doc. No. 3; *Pumba v. Miller., et al.*, Civ. A. No. 22-2050, Doc. No. 2; *Pumba v. Cmwlth. of Pa., et al.*, Civ. A. No. 22-2076, Doc. No. 3; *Pumba v. Kowal, et al.*, Civ. A. No. 22-2082, Doc. No. 2. This memorandum opinion addresses only Civil Action No. 22-2078.

face.[2] *See* Doc. No. 3-1 at ECF p. 2 (LCJ Incident Report by CO Heffernan). Pumba alleges that

both CO Mujevic and CO Heffernan's claims were false. *See* Compl. at ECF pp. 4, 5.

Following these claims by CO Mujevic and CO Heffernan, Investigator Knappenberger

completed an affidavit of probable cause where he alleged that "[o]n 05/22/21, [CO Mujevic] was

talkin [sic] to Inmate Pumba at his cell door when [Pumba] stated[,] "When I see you in the streets,

I'm gonna kill you". . . . Pumba then spat directly into Officer Mujevic's face. The incident was

captured on video." Doc. No. 3-1 at ECF p. 1 (May 26, 2021 Affidavit of Probable Cause). Pumba

alleges that Investigator Knappenberger's affidavit of probable cause was also knowingly false,

and this affidavit led to Pumba's arrest. Pumba was also placed in disciplinary segregation at LCJ

for approximately six months. *See* Compl. at ECF p. 5.

Pumba claims that despite Investigator Knappenberger indicated in the affidavit that there

was video evidence of the incident, "the video camera . . . proved [his] innocence." *Id.* Pumba

claims that the charges were dismissed with prejudice "because the Commonwealth could not

prove the false allegation beyond a reasonable doubt."[3] *Id.*

Based on these allegations, Pumba asserts constitutional claims under 42 U.S.C. § 1983.

*See id.* at ECF p. 1. Although Pumba references the Fourth, Sixth, Eighth, and Fourteenth

Amendments in the complaint, *see id.* at ECF pp. 4, 5, the court understands Pumba to be asserting

---

[2] CO Mujevic and CO Heffernan also claimed that as CO Heffernan and Sergeant Kowal approached Pumba after he spat at CO Mujevic, Pumba through an unidentified liquid from his cell and began to yell that he was going to kill CO Mujevic and other security staff. *See* Doc. No. 3-1 at ECF pp. 2, 3.

[3] The publicly available state court docket reflects that the Commonwealth of Pennsylvania charged Pumba with aggravated harassment by a prisoner on May 27, 2021, and that on March 31, 2022, the Commonwealth *nolle prossed* the charge in the Court of Common Pleas of Lehigh County. *See* Docket, *Commonwealth v. Pumba*, No. CP-39-CR-1693-2021 (Lehigh Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-39-CR-0001693-2021&dnh=pmxuFUeblNmeeaAleEMxTA%3D%3D.

a Fourth Amendment malicious prosecution claim.[4] Pumba seeks $25 million in damages. *See id.*

at ECF p. 4.

## II.    DISCUSSION

### A.    The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote

omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable

to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir.

---

[4] To the extent that Pumba is asserting a speedy trial claim under the Sixth Amendment, such a claim is not cognizable because, as Pumba's criminal case was dismissed, he cannot pursue a Sixth Amendment speedy trial claim through a section 1983 action. *See Young v. City of Hackensack*, No. 04-CV-2011 (WJM), 2005 WL 1924327, at *2 (D.N.J. Aug. 11, 2005) ("Because plaintiff's case did not go to trial, his right to a speedy trial is not at issue."), *aff'd*, 178 F. App'x 169 (3d Cir. 2006); *see also Posey v. Swissvale Borough*, Civ. A. No. 2:12-cv-955, 2013 WL 989953, at *12 (W.D. Pa. Mar. 13, 2013) (dismissing Sixth Amendment speedy trial claim in part because plaintiff's criminal charges had been *nolle prossed* and his case dismissed). In addition, to the extent that Pumba asserts some other Sixth Amendment claim, as well as any Eighth, and Fourteenth Amendment claim, the court must dismiss the claims because Pumba provides no facts to support that these rights were violated.

1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Pumba is unable to prepay the fees to commence this civil action. Therefore, the court will grant him leave to proceed *in forma pauperis*.[5]

### B.     Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915

Because the court has granted Pumba leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's

---

[5] As Pumba is a prisoner, he must fully pay the filing fee in installments due to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

> motivations at the time of the filing of the lawsuit to determine whether the action
> is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, we accept the facts alleged [in the *pro se*] complaint as true, draw all reasonable inferences in [the *pro se* plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." (citation, internal quotation marks, and all original alterations omitted)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally. This means we remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when

presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### C.   Analysis

Pumba asserts that the defendants violated his constitutional rights, and he is seeking relief for those violations under 42 U.S.C. § 1983. This statute provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). As set forth below, although Pumba has alleged plausible Fourth Amendment claims against Investigator Knappenberger, CO Mujevic, and CO Heffernan, he has failed to state a plausible claim against the LCJ or Sergeant Kowal.

7

### 1.      Claims Against the LCJ

Pumba names the LCJ as a defendant in the complaint. *See* Compl. at ECF p. 1. The court must dismiss any claim against the LCJ because section 1983 "applies only to persons." *Fraser v. Pa. State Sys. of Higher Educ.*, No. CIV. A. 92-6210, 1994 WL 242527, at *5 (E.D. Pa. June 6, 1994), *aff'd*, 52 F.3d 314 (3d Cir. 1995). A county correctional facility, such as the LCJ, is not a "person" under section 1983. *See Green v. Lehigh Cnty. Prison*, Civ. A. No. 21-5138, 2022 WL 394747, at *2 (E.D. Pa. Feb. 9, 2022) ("The Complaint does not articulate a claim against the Lehigh County Jail under Section 1983 because '[i]n the Third Circuit, it is well-settled that a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws.'" (alteration in original) (quoting *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009))); *Sanabria v. St. Lukes Hosp. (Sacred Heart Campus)*, Civ. A. No. 20-4091, 2020 WL 7495665, at *3 (E.D. Pa. Dec. 21, 2020) ("[T]he Lehigh County Jail is not a 'person' subject to liability under § 1983."); *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (per curiam) (concluding that district court properly dismissed claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability[, the county prison] is not a person capable of being sued within the meaning of § 1983" (internal citations omitted)); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (per curiam) (determining that district court properly concluded that county prison is not "person" within meaning of section 1983). Therefore, the LCJ is not a proper defendant in this section 1983 action, and the court will dismiss Pumba's claims against it.

### 2.      Claims Against Investigator Knappenberger, CO Mujevic, and CO Heffernan

As indicated above, the court understands Pumba to be asserting a Fourth Amendment malicious prosecution claim against Investigator Knappenberger, CO Mujevic, and CO Heffernan.

To state a section 1983 claim for malicious prosecution under the Fourth Amendment, a plaintiff must allege that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (citation omitted).

Here, Pumba alleges that Investigator Knappenberger submitted an affidavit of probable cause and CO Mujevic and CO Heffernan provided prison incident reports, all containing false statements about an incident between Pumba and CO Mujevic that allegedly did not occur. Accepting these allegations as true, as the court must do at this early stage of the litigation, Pumba has stated a plausible Fourth Amendment malicious prosecution claim against Investigator Knappenberger, CO Mujevic, and CO Heffernan.

### 3.    Claims Against Sergeant Kowal

Although Pumba has named Sergeant Kowal as a defendant in this matter, he alleges no facts about his involvement in the alleged constitutional harm. Instead, Sergeant Kowal is only mentioned in the prison incident reports prepared by CO Mujevic and CO Heffernan, and those reports merely reveal that Sergeant Kowal arrived at the scene of the alleged incident after it occurred.

Individuals must have personal involvement in the unconstitutional conduct to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."). To the extent that Pumba names Sergeant Kowal in his supervisory capacity, the court notes generalized allegations that a supervisory defendant is "in

charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020).

Pumba has also failed to allege a basis for supervisory liability against Sergeant Kowal. He has not alleged that Sergeant Kowal acted "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (alteration in original) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)), *rev'd on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). He has also failed to allege that Sergeant Kowal "participated in violating [his] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Accordingly, the court will dismiss Pumba's claims against Sergeant Kowal without prejudice to him amending his claims if he can cure the defects with his claims.[6]

### III.   CONCLUSION

For the foregoing reasons, the court will grant Pumba leave to proceed *in forma pauperis*, dismiss his claims against the LCJ with prejudice, dismiss without prejudice his claims against Sergeant Kowal, and allow his Fourth Amendment malicious prosecution claims against Investigator Knappenberger, CO Mujevic, and CO Heffernan, to pass statutory screening. Given Pumba's *pro se* status, the court will give him the opportunity to file an amended complaint if he can address the defects the court has noted as to his claims against Sergeant Kowal. Alternatively,

---

[6] A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).

Pumba may choose to proceed against only Investigator Knappenberger, CO Mujevic, and CO Heffernan.

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.